```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MOISES CRUZ, et al.,                       :
                                           :
                Plaintiffs,                :
                                           :
        -v-                                :
                                           :
SPACE NY 50TH ST, LLC, et al.,             :
                                           :
                Defendants.                :
---------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  12/6/2018
```

**ORDER**

17-CV-4936 (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

The parties in this wage-and-hour case have consented to my jurisdiction under 28 U.S.C. § 636(c) for all purposes, including the review of the proposed settlement between plaintiff Saul Soto and the defendants (Dkt. No. 85), and have now submitted a joint letter motion in support of settlement (Dkt. No. 97) along with their proposed settlement agreement (Dkt. Nos. 97-1, 98, 100) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). Moreover, plaintiff Soto has expressed serious concerns about collectability (as reflected in the payment schedule component of the settlement agreement), which "militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). *See also Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement,

which "[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the letter in support of settlement and the proposed settlement agreement and release, and having participated in a lengthy conference that led to the settlement, the Court finds that all of the terms of the proposed settlement appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  Accordingly, the settlement is hereby approved.

**SO ORDERED.**

Dated: New York, New York
December 6, 2018

_____
JAMES L. COTT
United States Magistrate Judge