USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/24/2019__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MOISES CRUZ, *et al.*,

                Plaintiffs,

      - v. -

SPACE NY 50TH ST LLC, *et al.*,

                Defendants.
------------------------------------------------------------X

**FINDINGS OF FACT AND**
**CONCLUSIONS OF LAW**

17-CV-4936 (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

The Court conducted a bench trial in this case on May 22, 2019, following which the Court ruled, *inter alia*, that plaintiff Victor Tapia is entitled to certain damages. In making its rulings, the Court set forth its conclusions of law, but did not read the applicable citations into the record. Accordingly, this document serves as a supplement to the Court's decision and includes citations to case law and the applicable statutes and regulations.

Additionally, at the close of the trial, the Court reserved decision on the issue of liquidated damages. Upon further reflection, the Court concludes that Tapia is entitled to liquidated damages. Thus, as explained below, the Court will adjust its damages calculation from $215.88 to $637.91.

## I. INTRODUCTION

1. Plaintiff Victor Tapia commenced this action on June 29, 2017. He seeks to recover monetary damages, including unpaid minimum wages, unpaid spread-of-hours wages, liquidated damages, damages for statutory violations,

interest, and attorneys' fees and costs, for defendants' purported violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and the supporting New York State Department of Labor regulations ("NYCRR").

2. There are five defendants in this action: three individuals, Antonio Piacquadio, Carlo Seneca, and Michael Geniton, and two corporations, Space NY 50th St LLC and Eden Ballroom LLC.

3. The parties have consented to my jurisdiction for all purposes in this case, including trial, pursuant to 28 U.S.C. § 636(c) (Dkt. No. 85).

4. The Court will set forth below its conclusions of law and findings of fact under Rule 52(a) of the Federal Rules of Civil Procedure.

## II. CONCLUSIONS OF LAW

### A. Burden-Shifting Framework

1. Under the FLSA and NYLL, a plaintiff-employee bears the burden of proof to establish all claims and damages by a preponderance of the evidence. *Java v. El Aguila Bar Rest. Corp.*, No. 16-CV-6691 (JLC), 2018 WL 1953186, at *2 (S.D.N.Y. Apr. 25, 2018).

2. However, where an employer's payroll records are inaccurate or incomplete, courts apply a burden-shifting scheme to determine whether an employee has established that he was underpaid, and what damages he has suffered. *See, e.g., Lanzetta v. Florio's Enterprises, Inc.*, 763 F. Supp. 2d 615, 619–20 (S.D.N.Y. 2011) ("No one . . . was required to clock in or out, and there was no formal timekeeping system."); *Masoud v. 1285 Bakery Inc.*, No. 15-CV-7414

(CM), 2017 WL 448955, at *1 (S.D.N.Y. Jan. 26, 2017) (Defendant "appeared to admit that the [sign out] requirement was not strictly enforced."); *Acosta v. DRF Hosp. Mgmt. LLC*, No. 18-CV-18346 (DRH) (AKT), 2019 WL 1590931, at *3 (E.D.N.Y. Mar. 13, 2019) (Defendant "could not confirm the accuracy of the information contained in the Excel spreadsheets because [defendant] did not produce any underlying employee time or pay records demonstrating the origin of the data reflected in the spreadsheets."), *adopted by,* 2019 WL 1585225 (E.D.N.Y. Apr. 12, 2019).

3. Under this burden-shifting framework, an employee may meet his burden of proof by producing sufficient evidence from which violations of the federal and state labor laws and the amount of an award may be reasonably inferred. This burden may be met through estimates based on the employee's own recollections. *See Reich v. Southern New England Telecommunications*, 121 F.3d 58 (2d Cir. 1997).

4. If the employee offers evidence from which violations may be inferred, the employer must then come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. *See Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011). If an employer fails to present such evidence, the Court may enter judgment in the employee's favor and determine damages even though the result may only be approximate. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946).

B. **Assessments of Witness Credibility**

1. "Although a plaintiff's testimony regarding his recollection alone may be sufficient to establish a rebuttable presumption that he worked certain hours for which he was not compensated, such testimony only establishes such a presumption if the testimony is credible." *Romero v. Rung Charoen Sub, Inc.*, No. 16-CV-1239 (VMS), 2017 WL 4480758, at *4 (E.D.N.Y. Sept. 30, 2017) (citing *Daniels v. 1710 Realty LLC*, 497 Fed. Appx. 137 (2d Cir. 2012)).

2. "'In any bench trial, the trial judge has to evaluate the credibility of the witnesses that testify, the witnesses' demeanor, any previous inconsistent statements by a witness, as well as the witness's explanation for any such inconsistent statements.'" *Trustees of the United Health & Welfare Fund v. N. Kofsky & Son, Inc.*, No. 08-CV-11219 (KNF), 2015 WL 59173, at *3 (S.D.N.Y. Jan. 5, 2015) (citing *Newman v. Herbst*, No. 09-CV-4313, 2011 WL 684165, at *1 (E.D.N.Y. Feb.15, 2011)). A witness's credibility may be undermined by previous inconsistent statements found in deposition testimony and the underlying complaint. *See, e.g, Bermudez v. City of New York*, No. 15-CV-3240 (KAM) (RLM), 2019 WL 136633, at *16 (E.D.N.Y. Jan. 8, 2019) ("Although plaintiff's Amended Complaint is not a sworn document, the court agrees with defendants that plaintiff's pleadings are admissible for impeachment purposes and as party admissions, excepted from the definition of hearsay."); *see also Ariel (UK) Ltd. v. Reuters Grp., PLC*, 277 F. App'x 43, 45 (2d Cir. 2008) ("[A]llegations in [a] complaint are judicial admissions that

4

bind a party 'throughout the course of the proceeding.'") (quoting *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)).

3. "It is within the province of the district court as the trier of fact to decide whose testimony should be credited. And as trier of fact, the judge is entitled, just as a jury would be, to believe some parts and disbelieve other parts of the testimony of any given witness." *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 95 (2d Cir. 2012) (internal citations and quotations omitted); *see, e.g.*, *Marcelino v. 374 Food, Inc.*, No. 16-CV-6287 (KPF), 2018 WL 1517205, at *4 (S.D.N.Y. Mar. 27, 2018) ("As to certain topics, Plaintiff's own responses called his direct testimony into doubt. As to others, Plaintiff's testimony was refuted convincingly by subsequent witnesses at trial.").

4. A trial judge must also "evaluate a . . . 'witness's demeanor.'" *Java,* 2018 WL 1953186, at *6 (quoting *Hanming Feng v. Soy Sauce LLC, d/b/a Soysauce Glatt Kosher Chinese Take Out*, No. 15-CV-3058 (ENV) (LB), 2017 WL 6561160, at *1 (E.D.N.Y. Dec. 22, 2017); *see also Juarez–Cardoso v. La Flor de Santa Ines, Inc.*, No. 15-CV-6671 (VMS), 2017 WL 4357009, at *16 (E.D.N.Y. Sept. 29, 2017) (in assessing evidence concerning plaintiff's wages, court found plaintiff's "demeanor when testifying too evasive on this issue to be credible"); *Khurana v. JMP USA, Inc.*, No. 14-CV-4448 (SIL), 2017 WL 1251102, at *7 (E.D.N.Y. Apr. 5, 2017) (declining to adopt witness's testimony

as to number of hours worked and pay rate where witness's "demeanor on the stand during this part of his testimony was not credible").

### C. Minimum Wage Claims (1st and 2nd Claims for Relief)

1. The FLSA and NYLL require an employer to pay not less than a statutorily-set minimum wage for each hour of work. *See* 29 U.S.C. § 206(a)(1); NYLL § 652(1); 12 NYCRR § 146-1.2.

    a. Under the FLSA, the applicable minimum wage since July 24, 2009 has been $7.25 per hour. 29 U.S.C. § 206(a)(1).

    b. Under NYLL, the applicable minimum wage between December 31, 2015 and December 30, 2016 was $9.00 per hour. NYLL § 652; 12 NYCRR § 146-1.2. The applicable minimum wage on or after December 31, 2016 was $11.00 per hour for large employers (eleven or more employees) and $10.50 per hour for small employers (ten or fewer employees). NYCRR § 146-1.2.

2. "The federal minimum wage does not preempt the state minimum wage, and Plaintiff may recover under whatever statute provides the highest measure of damages." *Ortega v. JR Primos 2 Rest. Corp.*, No. 15-CV-9183 (JCF), 2017 WL 2634172, at *2 (S.D.N.Y. June 16, 2017) (citation omitted).

3. Tip Credits

    a. An employer may pay tipped employees less than the normal minimum wage by crediting a portion of the tips received by the employee against the required minimum wage. *See* 29 U.S.C. § 203(m); NYLL

§ 652(4); 12 NYCRR § 146-1.3.  To take advantage of this "tip credit," an employer must have informed an employee that his tips were being credited against his wages.

b. Under the FLSA, it is not required that the employer provide notice of the tip credit in writing; however, under NYLL, notice of the tip credit must be in writing and in both English and the employee's primary language.  *See* 12 NYCRR § 146-2.2(a).

c. "If the employer cannot show that it has informed employees that tips are being credited against their wages, then no tip credit can be taken and the employer is liable for the full minimum-wage . . ." *Inclan v. New York Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 497 (S.D.N.Y. 2015) (citing *Reich v. Chez Robert, Inc.,* 28 F.3d 401, 403 (3d Cir. 1994)).

### D. "Spread-of-Hours" Claim (2nd Claim for Relief)

1. The "spread-of-hours" provision in the New York labor regulations requires an additional hour's pay at the "basic minimum hourly rate" for any day where the employee worked in excess of ten hours (not where an employee worked exactly ten hours).  *See* 12 NYCRR § 146-1.6(a); *see also* New York State Department of Labor Hospitality Wage Order Frequently Asked Questions, at 5, *available at* https://www.labor.ny.gov/legal/counsel/pdf/hospitality-wage-order-frequently-asked-questions.pdf ("Spread-of-hours pay is due when the length of time between the beginning and end of a workday is greater than 10 hours.")

7

(emphasis added); *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 27, 46 (E.D.N.Y. 2015) (awarding spread-of-hours damages for plaintiff's twelve-hour shifts, but not ten-hour shifts); *see also Ventura v. Herreros*, No. 18-CV-6478 (BMC), 2019 WL 343244, at *1 (E.D.N.Y. Jan. 28, 2019) ("A plaintiff is awarded 'spread-of-hours wages for the days he worked in excess of ten hours, but not for the days he worked exactly ten hours.'") (quoting *Bedasie v. Mr. Z Towing, Inc.*, No. 13-CV-5453 (CLP), 2017 WL 1135727, at *39, n.56 (E.D.N.Y. Mar. 24, 2017)).

2. Employers are required to pay spread-of-hours wages for "all employees in restaurants . . . regardless of a given employee's regular rate of pay." 12 NYCRR § 146-1.6(d).

3. The "spread-of-hours" is the "length of the interval between the beginning and end of an employee's workday [and] includes time off for meals plus intervals off duty."  *See* 12 NYCRR § 146-1.6.

E. **Failure to Timely Pay Wages (5th Claim for Relief)**

1. NYLL § 191 provides that a "manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned. . ."

2. Courts have held that employees have a private right of action under § 191. *See, e.g., Scott v. Whole Foods Mkt. Grp., Inc.,* No. 18-CV-0086 (SJF) (AKT), 2019 WL 1559424, at *4 (E.D.N.Y. Apr. 9, 2019) ("The discretionary nature of the Commissioner's authority coupled with the references to employee actions

in § 198 compels the conclusion that a private action under § 191 is consistent with the legislative scheme.").

3. Though the section itself does not have a damages provision, courts have found that employees can seek liquidated damages under § 191 through the remedial provision of § 198(1-a). "[T]he court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, . . . an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due." NYLL § 198(1-a); *see also, Scott*, 2019 WL 1559424, at *4 ("Plaintiffs' injury comes from not receiving their earned pay weekly, as required by law, and thus it is the very delay that causes damage to that worker. The statute requires no additional evidence of actual damages beyond that delay. . .").

F. **Statutory Violations (6th Claim for Relief)**

1. Wage Notice. NYLL requires that an employer provide a wage notice to each employee within 10 business days of the employee's first day of employment. The wage notice must inform the employee of, among other things, (i) the employee's regular hourly rate of pay and overtime rate, (ii) whether the employee will be paid by the hour, shift, day, week, etc., and (iii) any allowances to be taken by the employer. *See* NYLL §§ 195(1)(a), 198(1-b).

    a. The wage notice must be given in writing in English and in the employee's primary language. *See* 12 NYCRR § 146-2.2(a). "An

acknowledgement of receipt signed by the employee shall be kept on file for six years," and "[t]he employer has the burden of proving compliance with the notification provisions." 12 NYCRR § 146-2.2(c)–(d).

    b. From February 27, 2015 onward, an employee could recover $50 for each work day that the employer violated (or continued to violate) NYLL § 195(1), up to a statutory maximum of $5,000.00. *See* NYLL § 198(1-b).

2. Wage Statement. NYLL requires that an employer furnish each employee with a wage statement with every payment of wages. The wage statements must inform the employee of, among other things, (i) the employee's rate of pay, (ii) the employee's gross wages, and (iii) the employee's net wages. *See* NYLL § 195(3); *see also* 12 NYCRR § 146-2.3 ("Every employer shall provide to each employee a statement, commonly referred to as a pay stub, with every payment of wages.").

    a. From February 27, 2015 onward, an employee could recover $250 for each work day that the employer violated (or continued to violate) NYLL § 195(3), up to a statutory maximum of $5,000.00. *See* NYLL § 198(1-d).

**G. Liquidated Damages**

1. FLSA.  Under the FLSA, a plaintiff is entitled to liquidated damages equal in amount to actual damages for violations of the FLSA's minimum wage and overtime provisions.  *See* 29 U.S.C. § 216(b).

2. NYLL.  Like the FLSA, a plaintiff is entitled to liquidated damages for violations of the minimum wage and overtime provisions of the NYLL.  On or after April 9, 2011, liquidated damages under the NYLL are calculated at 100% of the total unpaid wages.  *See Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 503 (S.D.N.Y. 2017), *affirmed*, 752 F. App'x 33 (2d Cir. 2018); *see also* NYLL § 663(1).

3. Court Discretion.  The Court has discretion to deny liquidated damages if the employer shows that, despite its failure to pay appropriate wages, it acted in subjective "good faith" with objectively "reasonable grounds" for believing that its acts or omissions did not violate the FLSA.  *See* 29 U.S.C. § 260; *see also* NYLL § 198(1-a).

    a. FLSA.  "To establish the requisite subjective 'good faith,' an employer must show that it took active steps to ascertain the dictates of the FLSA and then act to comply with them.  An employer will not escape paying liquidated damages under the FLSA unless he establishes that he acted in good faith and in an objectively reasonable way 'by plain and substantial evidence.'"  *Gamero*, 272 F. Supp. 3d at 502 (citations omitted).

    b. NYLL. "Courts have not substantively distinguished the FLSA's standard from the current NYLL standard of good faith." *Gamero*, 272 F. Supp. 3d at 503 (alterations omitted) (quoting *Inclan*, 95 F.Supp.3d at 505); *see also* NYLL § 198(1-a).

4. No "Stacked" Liquidated Damages. A plaintiff may not recover cumulative liquidated damages under both NYLL and the FLSA. *See Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018) ("We therefore interpret the NYLL and FLSA as not allowing duplicative liquidated damages for the same course of conduct.")

5. Not Applicable to Statutory Penalties. A plaintiff may recover liquidated damages for wage claims (*i.e.*, minimum wage and overtime claims), but not for wage notice/statement claims brought under the NYLL. *See, e.g., Martinez v. Alimentos Saludables Corp.*, No. 16-CV-1997 (DLI) (CLP), 2017 WL 5033650, at *23 (E.D.N.Y. Sept. 22, 2017).

## H. Pre-Judgment Interest

1. "[C]ourts typically award prejudgment interest on damages for NYLL violations." *Pineda v. Frisolino, Inc.*, No. 15-CV-3774 (GBD), 2017 WL 3835882, at *13 (S.D.N.Y. Aug. 29, 2017).

2. Pre-judgment interest may be awarded in addition to liquidated damages under NYLL. *See Soto v. Los Corbaticas Deli Grocery II Corp.*, No. 18-CV-3602 (JGK) (JLC), 2018 WL 4844018, at *6 (S.D.N.Y. Oct. 5, 2018), *adopted by*, 2018 WL 6173713 (S.D.N.Y. Nov. 23, 2018); *see also* NYLL § 198(1-a).

   3. "Pre-judgment interest applies only to the actual, compensatory damages, and not to liquidated damages or to damages recovered due to violations of wage statement or wage notice provisions." *Soto*, 2018 WL 4844018, at *6.

   4. New York's statutory pre-judgment interest rate is nine percent. N.Y. C.P.L.R. § 5004. "Where the plaintiff's damages were incurred at various times, interest may be computed from a 'single reasonable intermediate date' between the dates that the plaintiff started and stopped incurring damages. N.Y. C.P.L.R. § 5001(b). In wage and hour cases, courts often choose the midpoint of the plaintiff's employment within the limitations period." *Soto*, 2018 WL 4844018, at *6.

### I. Attorneys' Fees and Costs

   1. Under both the FLSA and NYLL, a prevailing plaintiff may recover attorney's fees and costs. *See* 29 U.S.C. § 216(b); NYLL §§ 198(1-a), 663(1).

### J. Individual Defendants' Liability

   1. To establish a claim under the FLSA, a plaintiff must prove that a defendant is an "employer" within the meaning of the FLSA, that the plaintiff is an "employee" within the meaning of the FLSA, and that an employment relationship exists between them.

      a. Individual defendants. The four factors to determine the "economic reality" of an employment relationship are "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of

employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104–05 (2d Cir. 2013) (international quotations omitted).

2. "The definitions of the term 'employer' under the FLSA and NYLL are coextensive." *Raymond v. Mid-Bronx Haulage Corp.,* No. 15-CV-5803 (RJS), 2017 WL 1251137 (S.D.N.Y. Mar. 31, 2017) (quoting *Jeong Woo Kim v. 511 E. 5th St., LLC*, 133 F. Supp. 3d 654, 665 (S.D.N.Y. 2015)).

## III. FINDINGS OF FACT

### A. Damages Determined at Trial

Based on the above legal propositions, the Court made the following factual determinations.[1] Plaintiff Victor Tapia worked the following hours for defendants: (1) 17.55 hours on June 26, 2016, (2) 9.57 hours on August 6, 2016, and (3) 9.2 hours on August 12, 2016, for a total of 36.32 hours. Tapia was not paid for those hours. Because defendants did not provide Tapia with written notice of a tip-credited rate, the applicable minimum wage is $9 per hour. In addition, because Tapia worked more than 10 hours on June 26, 2016, he is entitled to $9 in spread-of-hours wages for that day of employment. Furthermore, defendants did not provide Tapia with written wage statements or wage notices, resulting in damages of $250 and $50 per day respectively. Finally, because Tapia did not establish that the individual

---

[1] The parties are directed to the trial transcript for all of the Court's findings of fact, as they are not repeated here.

defendants met the definition of employers under the FLSA or NYLL, the damages are awarded only as against the corporate defendants.

## B. Liquidated Damages and Pre-judgment Interest

At trial, the Court reserved decision on liquidated damages. Upon further review of the evidence, the Court has determined that it will award liquidated damages to Tapia, as well as pre-judgment interest for the wage violations.

Under both the FLSA and NYLL, a plaintiff is entitled to liquidated damages if defendants have violated minimum wage provisions. *See* 29 U.S.C. § 216(b), NYLL § 663(1). The Court has discretion to deny such damages if the employer can show that it acted in subjective "good faith" with objectively "reasonable grounds" for believing that its acts or omissions did not violate the FLSA. *See* 29 U.S.C. § 260; *see also* NYLL § 663(1). Defendants have not presented any evidence that they believed that their acts did not violate the FLSA or NYLL. For example, the record demonstrates, and defendants acknowledge, that at the very least they did not timely pay wages to Tapia and provided no explanation for that violation of NYLL. *See* Def. Exs. A, A-1; *see, e.g., Scott,* 2019 WL 1559424, at *4 (plaintiffs could seek liquidated damages based on timely pay provision alone). Because defendants violated the FLSA and NYLL and have no good faith explanation, the Court finds that Tapia is entitled to liquidated damages.

Furthermore, the Court will award pre-judgment interest. "Simple pre-judgment interest is calculated from a singular, midpoint date and by multiplying the principal by the interest rate by the time period—from a singular, midpoint

15

date—up until and including the date judgment is entered." *Pastor v. Alice Cleaners, Inc.*, No. 16-CV-7264 (JLC), 2017 WL 5625556, at *6 (S.D.N.Y. Nov. 21, 2017) (quoting *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14-CV-10234 (JGK) (JLC), 2016 WL 4704917, at *18 (S.D.N.Y. Sept. 8, 2016), *adopted by,* 2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016)). The single reasonable intermediate date in this case is July 19, 2016.

Accordingly, the corporate defendants are liable for the following damages:

|  | June 26 | August 6 | August 12 | **Total** |
|---|---|---|---|---|
| Unpaid minimum wage of $9/hour | $157.95 | $86.13 | $82.80 | **$326.88** |
| Spread-of-hours | $9 | $0 | $0 | **$9** |
| Pre-judgment interest |  |  |  | **$86.15** |
| Liquidated damages | $166.95 | $86.13 | $82.80 | **$335.88** |
| Statutory violations | $300 | $300 | $300 | **$900** |
| Total |  |  |  | **$1,657.91** |

### IV. CONCLUSION

Tapia is thus owed a total of $1,657.91. However, the Court also found that defendants have already paid $1,020 to Tapia. *See* Def. Ex. C. Thus, defendants' liability is reduced to **$637.91.**

The Clerk is respectfully directed to enter judgment for plaintiff Victor Tapia in the amount of $637.91.

As discussed at trial, the parties may submit any motions for reconsideration on the timetable set in the Court's May 22, 2019 Order. Dkt. No. 131.

**SO ORDERED.**

Dated: May 24, 2019
New York, New York

JAMES L. COTT
United States Magistrate Judge