UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MOISES CRUZ, *et al.*,

        Plaintiffs,

- v. -

SPACE NY 50TH ST LLC, *et al.*,

        Defendants.
------------------------------------------------------------X

**OPINION AND ORDER**

17-CV-4936 (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

Four plaintiffs filed this action asserting claims under the Fair Labor Standards Act and New York Labor Law. Following a settlement conference, plaintiff Saul Soto resolved his claims for $25,000. Following a bench trial, the Court found that plaintiff Victor Tapia was entitled to damages in the amount of $1,657.91. The other two plaintiffs, Moises Cruz and Juan DeJesus, voluntarily dismissed their claims before trial. Currently before the Court is plaintiffs' motion for attorney's fees and costs. For the following reasons, the Court awards $44,198.38 in fees and $2,440 in costs.

    **I.    BACKGROUND**

On June 29, 2017, plaintiffs Saul Soto, Victor Tapia, Moises Cruz, and Juan DeJesus commenced this action seeking to recover monetary damages, including unpaid minimum wages, unpaid overtime wages, unpaid spread-of-hours wages, liquidated damages, damages for statutory violations, interest, and attorney's fees

1

and costs, for defendants' purported violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Dkt. No. 1, ¶¶ 39–41.

On October 1, 2017, plaintiffs filed a request to enter default against defendants for failure to answer the complaint. Dkt. No. 23. On October 2, 2017, defendants' counsel filed notices of appearance. Dkt. Nos. 24–28.[1] On November 14, 2017, the parties participated in a mediation session, which was ultimately unsuccessful. Dkt. No. 37. After plaintiffs filed an amended complaint on April 18, 2018 (Dkt. No. 49) and defendants answered on July 31, 2018 (Dkt. No. 75), Judge Daniels referred the case to me for general pre-trial supervision on August 1, 2018 (Dkt. No. 76).

At a settlement conference held on October 2, 2018, which of the four plaintiffs only Soto attended, the parties agreed to resolve Soto's claims for $25,000. Dkt. No. 100.[2] On October 4, 2018, the parties consented to my jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c). Dkt. No. 85. I approved the settlement agreement between Soto and defendants on December 6, 2018. Dkt. No. 101.

---

[1] Defendants were originally represented by different counsel. Judge Daniels granted counsel's request to withdraw on March 19, 2018. Dkt. No. 45. Current defense counsel filed notices of appearance on July 12, 2018. Dkt. Nos. 73–74.

[2] The Court originally scheduled the settlement conference for September 27, 2018. Dkt. No. 81. On September 21, 2018, defendants filed a letter requesting that the settlement conference be converted into a status conference because plaintiffs' counsel had reported that two of the plaintiffs, Cruz and DeJesus, would not be attending the conference. Dkt. No. 82. The Court granted an adjournment until October 2, 2018. Dkt. No. 83. However, neither Cruz, DeJesus, nor Tapia attended the conference on the rescheduled date.

On December 4, 2018, the parties appeared before me for a hearing to address the remaining plaintiffs' claims.[3] At the hearing, Tapia testified that he wished to proceed with his claims. Dkt. No. 109 at 21–22.

I subsequently presided over a bench trial regarding Tapia's claims on May 22, 2019. At the conclusion of the trial, I found that defendants had violated the FLSA and NYLL by failing to pay Tapia minimum wage and spread-of-hours wages, and also violated NYLL's wage notice and wage statement requirements. Dkt. No. 132 at 16. I concluded that Tapia was owed a total of $1,657.91. *Id*. Accounting for money that defendants had already paid Tapia, I determined that Tapia was entitled to $637.91 in damages. *Id*.

On June 28, 2019, plaintiffs filed their motion seeking $86,707.50 in attorney's fees and $3,086.46 in costs (Dkt. No. 137), along with a declaration from counsel (Declaration of Kerry E. Connolly ("Connolly Dec."), Dkt. No. 138) and a memorandum of law (Memorandum of Law ("Pl. Mem."), Dkt. No. 139). On July 29, 2019, defendants filed their opposition. Memorandum of Law ("Def. Opp."), Dkt. No. 147. On August 5, 2019, plaintiffs filed their reply (Reply Memorandum of Law ("Pl. Reply"), Dkt. No. 150), along with a reply affidavit (Reply Affidavit ("Connolly Reply Aff."), Dkt. No. 151).[4]

---

[3] Plaintiff Cruz did not attend the hearing and plaintiff DeJesus testified that he no longer wished to pursue his claims. Dkt. No. 109 at 26. On December 20, 2018, DeJesus and Cruz filed a stipulation of voluntary dismissal, which the Court so ordered. Dkt. No. 108.

[4] On August 5, 2019, defendants filed a letter motion requesting oral argument or, in the alternative, the opportunity to file a sur-reply. Dkt. No. 152. As defendants

## II. DISCUSSION

### A. Legal Standards

#### 1. Attorney's Fees

Both the FLSA and NYLL allow prevailing plaintiffs to receive reasonable attorney's fees and costs. 29 U.S.C. § 216(b); NYLL § 198(l-a). Courts determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *see also Millea v. Metro-North R.R. Co.,* 658 F.3d 154, 166 (2d Cir. 2011); *Arbor Hill Concerned Citizens Neighborhood Ass'n. v. Cty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008).

A plaintiff must "document the application [for fees and costs] with contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." *N. Y. State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1148 (2d Cir. 1983); *see also Scott v. City of New York,* 626 F.3d 130, 132 (2d Cir. 2010). Ultimately, a court's discretion to set a

---

did not identify any new arguments raised by plaintiffs for the first time in their reply, I denied the request without prejudice. Dkt. No. 154; *see, e.g., Ramon v. Corp. City of New York,* No. 17-CV-2307 (KAM), 2019 WL 1306061, at *7 (E.D.N.Y. Mar. 21, 2019) ("Plaintiff has failed to show good cause for filing a sur-reply as he has not established that the [] defendants raised a new issue for the first time on reply."). On August 8, 2019, notwithstanding the Court's denial, defendants then filed a letter to "renew their motion based on the following new arguments (and issues stemming therefrom) advanced in plaintiffs' reply." Dkt. No. 155 at 1. However, their letter was essentially an unsanctioned sur-reply, which did not identify any new arguments raised by plaintiffs for the first time on reply and improperly responded in detail to portions of plaintiffs' reply. The submission of this letter was inappropriate and expressly contrary to the Court's order. Accordingly, I will not consider the letter in the resolution of this motion.

fee award is broad. *See Hensley*, 461 U.S. at 437; *Matusick v. Erie Cnty. Water Auth.,* 757 F.3d 31, 64 (2d Cir. 2014).

### 2. Costs

An employee who prevails in a wage-and-hour action is entitled to recover costs. NYLL § 663(1). Costs are defined as "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Leblanc-Sternberg v. Fletcher,* 143 F.3d 748, 763 (2d Cir. 1998). "As with attorneys' fees, [a] requesting party must substantiate the request for costs." *Guo v. Tommy's Sushi, Inc.,* No. 14-CV-3964 (PAE), 2016 WL 452319, at *3 (S.D.N.Y. Feb. 5, 2016); *see also, e.g., Euceda v. Preesha Operating Corp.,* No. 14-CV-3143 (ADS) (SIL), 2017 WL 3084490, at *4 (E.D.N.Y. June 30, 2017) ("In the absence of adequate substantiation, a party is not entitled to recover costs. . . . Plaintiff has failed to provide any substantiation, such as invoices or receipts, documenting the costs he now seeks to recover."), *adopted by,* 2017 WL 3084408 (E.D.N.Y. July 18, 2017).

### B. Analysis

#### 1. Attorney's Fees

##### a. Reasonable Hourly Rate

The reasonable hourly rate is the amount "a reasonable, paying client would be willing to pay," which varies by practice area and location. *See Arbor Hill Concerned Citizens Neighborhood Ass'n,* 522 F.3d at 190. The reasonable rate is generally determined using "the market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and

reputation." *Restivo v. Hessemann,* 846 F.3d 547, 590 (2d Cir. 2017) (quoting *Gierlinger v. Gleason,* 160 F.3d 858, 882 (2d Cir. 1998)) (internal quotations omitted). To make this determination, a court may "rely on its own knowledge of local, comparable rates." *Schalaudek v. Chateau 20th St. LLC*, No. 16-CV-11 (WHP) (JLC), 2017 WL 729544, at *12 (S.D.N.Y. Feb. 24, 2017), *adopted by*, 2017 WL 1288859 (S.D.N.Y. Apr. 6, 2017) (citing *Yuquilema v. Manhattan's Hero Corp.,* No. 13-CV-461 (WHP) (JLC), 2014 WL 4207106, at *3–4 (S.D.N.Y. Aug. 26, 2014)).

"Courts in this District have consistently found that 'the reasonable hourly billing rate for partners in wage-and-hour cases is between $300 and $400 per hour.'" *New York City Dist. Council of Carpenters v. JM Kelc Marine Contractors*, No. 19-CV-0529 (LGS), 2019 WL 3423274, at *3 (S.D.N.Y. July 30, 2019) (citing *McGreevy v. Life Alert Emergency Response, Inc.*, 258 F. Supp. 3d 380, 389 (S.D.N.Y. 2017) (collecting cases)); *see also Shanfa Li v. Chinatown Take-Out Inc.,* No. 16-CV-7787 (JCM), 2019 WL 3715086, at *6 (S.D.N.Y. Aug. 7, 2019) (citing *Hernandez v. JRPAC Inc.*, No. 14-CV-4176 (PAE), 2017 WL 66325, at *2–3 (S.D.N.Y. Jan. 6, 2017)); *Gervacio v. ARJ Laundry Servs. Inc.,* No. 17-CV-9632 (AJN), 2019 WL 330631, at *2 (S.D.N.Y. Jan. 25, 2019) (reasonable hourly rate for managing partner is $400 and senior attorney with 10 years of experience is $300) (citing *Rosendo v. Everbrighten Inc.*, No. 13-CV-7256 (JGK) (FM), 2015 WL 1600057, at *1 (S.D.N.Y. Apr. 7, 2015), *adopted by*, 2015 WL 4557147 (S.D.N.Y. July 28, 2015)).

Plaintiffs request an hourly rate of $450 for work performed by their counsel, Kerry E. Connolly. Pl. Mem. at 2. Ms. Connolly has practiced law for almost 30

6

years (Connolly Dec. ¶ 2), and her hourly rate for non-contingency fee cases has been $450 since 2013 (*id.* ¶ 44).

However, an hourly rate of $350 for Ms. Connolly's work is appropriate in this case, which is within the range that is awarded in this District for partners in FLSA cases. The Court makes this determination in part because, despite its long procedural history, this was a relatively straightforward wage-and-hour case. *See Lilly v. City of New York*, No. 17-2823-CV, 2019 WL 3806446, at *5 (2d Cir. Aug. 14, 2019) (appropriate for district courts "to consider the complexity of a matter because a reasonable paying client would consider the complexity of his or her case"); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 186 n.3 (factors in determining reasonable hourly rate include "novelty and difficulty of the questions") (citing *Johnson v. GA. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

Furthermore, while Ms. Connolly is an experienced attorney, it appears that she has litigated wage-and-hour cases only in the past decade. *See* Connolly Dec., ¶ 5 (earliest cited case from 2009).[5] Indeed, as defendants note, Ms. Connolly billed for research on basic wage-and-hour issues, which an experienced wage-and-hour attorney would not need to conduct. Def. Opp. at 12; *see, e.g.,* Connolly Dec., Ex. A ("Time Records"), Dkt. No. 138-1 (8/15/2017, billed for "research liquidated damages

---

[5] Ms. Connolly did not direct the Court to a single wage-and-hour case where she was awarded an hourly rate of $450. Among the cases that she cites to justify her requested rate (Connolly Dec. ¶ 5) is a case where Ms. Connolly was awarded an hourly rate of $350 (*Magnuson v. Newman*, No. 10-CV-6211 (JMF), 2014 WL 3767006, at *4 (S.D.N.Y. July 31, 2014)).

7

allowed under both the NYLL and FLSA," as well as "research whether Judge Daniels awards stacked damages" (which is not awarded regardless of the judge)).[6]

Moreover, Ms. Connolly committed basic errors during trial, which revealed a lack of expertise about wage-and-hour law. *See Columbus McKinnon Corp. v. Travelers Indem. Co.*, 367 F. Supp. 3d 123, 158 (S.D.N.Y. 2018) ("In a lodestar analysis, . . . the 'quality of [an attorney's] performance' should be considered in determining the reasonable hourly rate."). For example, Ms. Connolly requested spread-of-hours damages for Tapia, notwithstanding that her own submissions did not support spread-of-hours pay. *Compare* Dkt. No. 157 (requesting spread-of-hours damages for 10 hour shifts), *with Ventura v. Herreros,* No. 18-CV-6478 (BMC), 2019 WL 343244, at *1 (E.D.N.Y. Jan. 28, 2019) ("A plaintiff is awarded 'spread-of-hours wages for the days he worked in excess of ten hours, but not for the days he worked exactly ten hours.'") *(quoting Bedasie v. Mr. Z Towing, Inc.,* No. 13-CV-5453 (CLP), 2017 WL 1135727, at *39 n.56 (E.D.N.Y. Mar. 24, 2017)).[7] Ms. Connolly also sought overtime damages and made successor liability claims in her initial trial submissions, but withdrew them after the Court, during a telephone conference on

---

[6] While it has reviewed all of Ms. Connolly's billing records, the Court notes that "a request for attorneys' fees should not turn into a second major litigation," and a court is not required "to evaluate and rule on every entry in an application" for fees. *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 149 (2d Cir. 2014) (citations omitted).

[7] Docket Number 157 is Exhibit 1 to plaintiffs' Proposed Findings of Fact and Conclusions of Law, which was filed on April 19, 2019. *See* Dkt. No. 122 at 15 ("Plaintiff is entitled to the damages set forth in Plaintiff's Exhibit 1, plus attorney's fees and costs."). However, the exhibit was not docketed and only sent to the Court by email. The Court docketed the exhibit on August 27, 2019.

April 23, 2019, noted the deficiencies with her arguments. *See* Proposed Findings of Fact and Conclusions of Law, Dkt. No. 122, ¶¶ 1, 21–22 (seeking overtime damages when only 30 to 40 hours worked per week); April 23, 2019 Order, Dkt. No. 124 ("the Court directs plaintiff to submit further legal support for the successor liability evidence he wishes to offer at trial"); April 25, 2019 Letter from Ms. Connolly, Dkt. No. 125 ("plaintiff will not seek to prove successor liability at trial"). Ms. Connolly also pursued claims of liability as to the individual defendants (*see* Proposed Findings of Fact and Conclusions of Law, Dkt. No. 122, ¶¶ 29, 30, 32), but because she did not present any evidence supporting individual liability at trial, the Court only found the corporate defendants to be liable. Dkt. No. 132 at 14–15. Accordingly, given these issues and the straightforward nature of this case, the Court will award an hourly rate of $350 for Ms. Connolly.

Plaintiffs also request an hourly rate of $125 for Claire Biase, a senior paralegal. Pl. Mem. at 2. Defendants do not object to this rate, which is "within the range of rates typically awarded for paralegal work in FLSA actions in this District." *Guang Ping Zhu v. Salaam Bombay, Inc.*, No. 16-CV-4091 (JPO), 2019 WL 76706, at *2 (S.D.N.Y. Jan. 2, 2019) ($100 to $150 per hour for paralegals). The Court will thus award an hourly rate of $125 for Ms. Biase.

### b. Reasonable Hours Expended

"After determining the appropriate hourly billing rate, the court calculates the hours reasonably expended." *Pastor v. Alice Cleaners, Inc.*, No. 16-CV-7264 (JLC), 2017 WL 5625556, at *8 (S.D.N.Y. Nov. 21, 2017). "In evaluating the

9

reasonableness of hours expended, courts consider 'not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" *O.R. v. N.Y.C. Dep't of Ed.,* 340 F. Supp. 3d 357, 366–67 (S.D.N.Y. 2018) (quoting *Grant v. Martinez,* 973 F.2d 96, 99 (2d Cir. 1999)).  Courts must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *De La Cruz Moreno v. Happy Angel Nail Spa Inc.*, No. 15-CV-10078 (LGS) (GWG), 2019 WL 2438966, at *9 (S.D.N.Y. June 12, 2019) (citing *Lunday v. City of Albany,* 42 F.3d 131, 134 (2d Cir. 1994)), *adopted by*, 2019 WL 2717153 (S.D.N.Y. June 28, 2019).  "In calculating the reasonable number of hours expended 'the court takes account of claimed hours that it views as 'excessive, redundant, or otherwise unnecessary.'" *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley*, 461 U.S. at 434).

Furthermore, "'the most critical factor' in a district court's determination of what constitutes reasonable attorney's fees in a given case 'is the degree of success obtained' by the plaintiff." *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)). "Where 'a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount,' even if plaintiff's 'claims were interrelated,

nonfrivolous, and raised in good faith.'" *Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d 651, 656 (S.D.N.Y. 2019) (quoting *Hensley*, 461 U.S. at 436).

"Courts in this Circuit have recognized a district court's authority to make across-the-board percentage cuts in hours, as opposed to an item-by-item approach, to arrive at the reasonable hours expended." *Id.* at 656–57 (citing *Leevson v. Aqualife USA, Inc.*, 296 F. Supp. 3d 503, 526 (E.D.N.Y. 2017)). "In making its determination of the percentage reduction to be used, the Court is guided by rough justice principles. . . . '[T]rial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.'" *Id.* at 660 (quoting *Errant Gene Therapeutic, LLC v. Sloan-Kettering Inst. for Cancer Research*, 286 F. Supp. 3d 585, 588 (S.D.N.Y. 2018)).

### i. Hours Expended

After reviewing the time records provided by counsel, the Court finds that most of the entries are reasonable. However, some reflect administrative tasks that should have been performed by a paralegal, for example, filing or uploading documents to this District's Electronic Case Filing System. *See, e.g., Sanchez v. I&A Rest. Corp.*, No. 14-CV-0726 (DF), 2017 WL 2537814, at *5 (S.D.N.Y. May 22, 2017) ("Filing a document is plainly a task that could have been performed by a junior associate or paralegal, billing at a lower hourly rate.").[8] Other entries, as

---

[8] *See, e.g.,* Time Records, 2/2/2017 ("research NYS Division of Corporations and internet research on club status, holder of liquor license"), 6/29/2017 ("upload to ECF, do[wn]load documents as filed"), 10/2/2017 ("upload to ECF"), 10/12/2017 ("upload to ECF"), 4/24/2018 ("print Amended Summonses issued from Clerk"), 11/28/2018 ("upload to ECF"), 11/30/2018 ("upload to ECF").

11

defendants noted, include tasks that were the direct result of counsel's own mistakes. Def. Opp. at 11.[9] Finally, the Court finds that some of the entries reflect an unnecessary amount of time billed.[10] While these issues are not substantial, the Court will apply a five percent reduction in counsel's hours "as a practical means of trimming fat" from a fee application. *Moreno Cocoletzi v. Fat Sal's Pizza II, Corp.*, No. 15-CV-02696 (CM) (DF), 2018 WL 7291455, at *25 (S.D.N.Y. Dec. 6, 2018) (five percent overall reduction to trim fat when billing issues not extensive), *adopted by*, 2019 WL 92456 (S.D.N.Y. Jan. 3, 2019); *Sanchez,* 2017 WL 2537814, at *5 (same).

### ii. Degree of Success

Defendants further argue that plaintiffs' attorney's fees should be reduced based on their limited degree of success.[11] First, they contend that plaintiffs are not

---

[9] *See, e.g.,* Time Records, 4/18/2018 ("Review ECF Bounce re need for summonses to say 'Amended' and need to refile request; revise summonses and upload revised documents"), 10/4/2018 ("Review ECF bounce re Consent to Jurisdiction by Magistrate Judge"), 12/20/2018 ("[re]upload signed Stip of Dismissal" after ECF Bounce).

[10] *See, e.g.,* Time Records, 8/1/2018 (0.2 hours to review order of reference), 8/6/2018 (0.2 hours to review Judge Daniels' endorsement of adjournment of conference), 3/11/2019 (0.4 hours to draft one paragraph letter), 5/20/2019 (0.2 hours to forward order on letter motion to Soto).

[11] Defendants also contend that plaintiffs' fees should be reduced due to Ms. Connolly's decision to block "bill every single task[] she performed on any given date as a single entry." Def. Opp. at 13. "The practice of . . . block billing, is not per se prohibited, but where such entries make it hard to discern the reasonableness of time allotted to a given task, courts do consider its prevalence in deciding whether reduction is appropriate." *Mayo-Coleman v. Am. Sugars Holding, Inc.,* No. 14-CV-0079 (PAC), 2019 WL 1034078, at *5 (S.D.N.Y. Mar. 5, 2019) (citing *LV v. New York City Dep't of Educ.*, 700 F. Supp. 2d 510, 526 (S.D.N.Y. 2010)). "[B]lock billing is most problematic where large amounts of time (*e.g.*, five hours or more) are block billed; in such circumstances, the limited transparency afforded by block billing

12

entitled to recover any fees for the claims of DeJesus and Cruz because they voluntarily dismissed their claims. Def. Opp. at 6. Second, they maintain that fees must be reduced to account for the limited success of counsel on behalf of Soto and Tapia. *Id.* at 7. Defendants thus argue that because "only one of [counsel's] four clients recovered anything besides nominal damages in this case, and even that was 10% of the damages he sought," plaintiffs' attorney's fees should be reduced by 95%. *Id.* at 13.[12]

First, the Court agrees that DeJesus and Cruz are not prevailing plaintiffs and thus are not entitled to an award of fees and costs. Plaintiffs argue that both DeJesus and Cruz were "pick[ed] off" by defendants with "improper, extra-judicial settlements" (Pl. Reply at 1), and thus contend that relief DeJesus and Cruz received "through the defendants' improper direct settlements also must be

---

meaningfully clouds a reviewer's ability to determine the projects on which significant legal hours were spent." *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 53 (S.D.N.Y. 2015) (citing *Abdell v. City of New York,* No. 05-CV-8453 (RJS), 2015 WL 898974, at *4 (S.D.N.Y. Mar. 2, 2015)).

After reviewing the time records, the Court concludes that each entry is detailed enough to allow the Court to "discern the reasonableness of time allotted." Ms. Connolly's time records were specific as to the tasks she completed each day. She rarely block-billed for more than five hours, and on those occasions, it was clear to the Court that the hours were warranted. *See, e.g.,* Time Records, 5/22/2019 (8.2 hours for the day of trial). The Court will thus not reduce plaintiffs' fees based on block-billing.

[12] Plaintiffs contend that "a fee award should not be compared to the amount of damages awarded." Pl. Mem. at 3. However, while proportionality between damages recovered and the fees requested is not required, courts in this District have recognized that proportionality between damages sought and damages recovered should be considered. *See, e.g., Sanchez v. I&A Rest. Corp.*, No. 14-CV-0726 (DF), 2017 WL 2537814, at *6 (S.D.N.Y. May 22, 2017).

considered" (*id.* at 6). However, plaintiffs have presented no such evidence of these settlements.[13] Only the stipulation of voluntary dismissal from DeJesus and Cruz filed on December 20, 2018 is in the record. Dkt. No. 108. As such, the Court will not consider DeJesus and Cruz prevailing plaintiffs and will apply a concomitant percentage reduction to plaintiffs' requested attorney's fees. Nevertheless, recognizing that "some work done on behalf of the non-prevailing [p]laintiffs was required for the prevailing [p]laintiffs to win," the Court will not simply apply a 50% reduction for DeJesus and Cruz as two of the four plaintiffs in this action. *Williams,* 368 F. Supp. 3d at 661. In addition, the majority of Ms. Connolly's recorded hours appear to be spent solely on behalf of Soto and/or Tapia, including 61 hours after DeJesus and Cruz's stipulation of voluntary dismissal was filed (out of a total of 187.1 hours). Accordingly, the Court will apply a 10% reduction in fees for DeJesus and Cruz.

Second, the Court will reduce plaintiffs' attorney's fees based on the limited degree of success achieved by Tapia, but not Soto. As to Soto, defendants argue that his initial settlement demand was $250,000, and he purportedly rejected a $30,000

---

[13] Counsel in her reply affidavit made the following declarations: (1) "Having been served with the action, defendants delayed appearing, while repeatedly contacting plaintiffs Saul Soto, Victor Tapia, Juan DeJesus (and probably Moises Cruz), attempting to settle their claims" (Connolly Reply Aff. ¶ 2), and (2) "[D]efendants had 'settled' with the other plaintiffs – unbeknownst to me. . . . It was, instead, Mr. Soto who told me that Mr. DeJesus had taken money from defendants and had agreed not to continue this action" (*id.* ¶ 3). These declarations are merely Ms. Connolly's conjectures regarding defendants' behavior, and are not supported by declarations from plaintiffs or anything else in the record. Moreover, the same could presumably be said of Tapia, who received a $1,020 payment from defendants and yet proceeded to trial; nothing prevented Cruz or DeJesus from doing the same.

14

offer before eventually accepting $25,000.  Def. Opp. at 8–9.  As an initial matter, the Court "finds that [d]efendants' 'reference to the settlement discussions and amounts offered is inappropriate.'" *Williams*, 368 F. Supp. 3d at 662 (quoting *Siracuse v. Program for the Dev. of Human Potential*, No. 07-CV-2205 (CLP), 2012 WL 1624291, at *20 (E.D.N.Y. Apr. 30, 2012)).[14]  Furthermore, "[a]bsent a showing of bad faith, 'a party's declining settlement offers should [not] operate to reduce an appropriate fee award.'"  *Id.* (quoting *Ortiz v. Regan*, 980 F.2d 138, 141 (2d Cir. 1992)).  In any event, the Court explicitly found that Soto's settlement amount was "fair and reasonable under the totality of the circumstances."  Dkt. No. 101 at 2.  Accordingly, the Court will not reduce plaintiffs' attorney's fees based on Soto's settlement.

However, Tapia achieved only a limited degree of success after presenting his claims at trial.  Tapia's estimated damage calculations were $33,426 for a six-month period of employment.  *See* Dkt. No. 157.  The Court ultimately found that Tapia was entitled to $1,657.91 in damages for three days of employment (less than five percent of the damages sought) and that the individual defendants were not liable.  Dkt. No. 132 at 14–16.  Therefore, the Court will reduce plaintiffs' attorney's fees by 20% for the lack of success obtained by Tapia.  *See, e.g., Verdier v. Thalle Constr.*

---

[14] In addition, defendants provided information about the settlement discussions in a memorandum of law, not in a sworn declaration.  It is well-settled that "[a]n attorney's unsworn statements in a brief are not evidence," and the Court will not rely on such statements.  *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) (citing *INS v. Phinpathya,* 464 U.S. 183, 188–89 n.6 (1984)).

*Co., Inc.,* 771 F. App'x 20, 23–24 (2d Cir. 2019) (affirming district court's 20% reduction in fees for limited degree of success in retirement benefits case).

In doing so, the Court endorses the cautionary message stated in *Gamero v. Koodo Sushi Corp.*: "[T]his Opinion should not be read to disincentivize attorneys from bringing these important [FLSA and NYLL] cases, which in this District disproportionately affect poor and undocumented workers who can be easy prey for unscrupulous employers." 328 F. Supp. 3d 165, 178 (S.D.N.Y. 2018). Plaintiffs aptly argue that the thrust of the FLSA and NYLL is to "'secur[e] the legal representation for plaintiffs whose wage and hour grievance[s] were too small, in terms of expected recovery, to create a financial incentive for qualitied counsel.'" Pl. Mem. at 4 (quoting *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 10–11 (S.D.N.Y. 2015) (internal quotations omitted)). However, like plaintiffs' counsel in *Gamero*, counsel in this case "did not adequately probe [her] client[] before taking [his] claims to trial. As an immediate result, [p]laintiffs' counsel argued for wildly outsized damages awards that were at odds with the facts of the case, even when presented . . . with records of [p]laintiffs' employment." 328 F. Supp. 3d at 178. Counsel proceeded to trial with inflated damages calculations and with no method of countering defendants' official employment records, resulting in an extremely modest recovery. Accordingly, the Court reduces fees to account for counsel's limited degree of success, not to "punish a plaintiff's attorney for bringing a marginal case." *Id.*

In total, the Court reduces plaintiffs' requested hours by 35%. Ms. Connolly requested fees for 187.1 hours of work and Ms. Biase requested fees for 20.1 hours of work. *See* Time Records at 8, 9.[15] Considering the adjusted hourly rate of $350 for Ms. Connolly, the Court awards attorney's fees of $42,565.25 for Ms. Connolly and $1,633.13 for Ms. Biase, for a total of $44,198.38.[16]

| Name | Hourly Rate | Hours | Total |
| --- | --- | --- | --- |
| Connolly | $350 | 121.615 (187.1 less 35%) | **$42,565.25** |
| Biase | $125 | 13.065 (20.1 less 35%) | **$1,633.13** |
| | | | **$44,198.38** |

**2. Costs**

Plaintiffs seek costs in the amount of $3,086.46, including expenses for filing the complaint, process servers, travel, interpreters, photocopies and postage, and electronic document retrieval. *See* Connolly Dec., Ex. B, Dkt. No. 138-2. Defendants have not objected to any of the requested costs.

---

[15] Exhibit A of the Declaration of Kerry E. Connolly is not numbered. Thus, the Court assigns page numbers starting on the page titled CONNOLLY LAW TIME ENTRIES.

[16] Defendants also argue that plaintiffs are not entitled to recover any fees incurred after January 9, 2019 for Tapia's claims, as they served an Offer of Judgment of $6,000 on that date and Tapia ultimately recovered less than that amount in damages. Def. Opp. at 4–5; *see also* Def. Opp., Ex. A. However, as plaintiffs note, the Offer of Judgment included "attorneys' fees, litigation expenses and costs of suit." Pl. Reply at 4 (citing Def. Opp., Ex. A). After subtracting the $1,657.91 in damages recovered and the $2,059 in service and filing fees that had already been incurred from the $6,000 Offer of Judgment, attorney's fees for Tapia's claims would need to be less than $2,283.09 as of the date the Offer of Judgment was made for it to preclude additional fees. $2,283.09 equates to approximately 6.5 hours at a $350 hourly rate. Ms. Connolly's billing records make clear that she worked far more than 6.5 hours on Tapia's claims alone prior to January 9, 2019, even assuming his claims can be so severed. As such, defendants' Offer of Judgment does not preclude attorney's fees after January 9, 2019.

The Court takes judicial notice of the $400 filing fee (*see, e.g., Pastor*, 2017 WL 5625556, at *9) and the $80 statutory fee for service of process on the New York Secretary of State for the two corporate defendants (*see, e.g., Empire State Carpenters Welfare v. M.V.M. Contracting Corp.*, No. 10-CV-1801 (ADS) (WDW), 2011 WL 887726, at *3 (E.D.N.Y. Jan. 31, 2011), *adopted by,* 2011 WL 890746 (E.D.N.Y. Mar. 10, 2011)). Counsel has also provided documentation for the $360 interpreter expense, the service expenses of $1,579, and the expenses for electronic document retrieval of $21. Connolly Dec., Ex. B, Dkt. No. 138-2. However, counsel has not provided the underlying documentation for the other requested expenses, and the Court does not award costs without proper documentation. *See Pastor*, 2017 WL 5625556, at *9. The Court thus awards costs of $2,440.

### III. CONCLUSION

For the foregoing reasons, the Court awards plaintiffs $44,198.38 in attorney's fees and $2,440 in costs.

The Clerk of Court is respectfully directed to close Docket Number 137 and mark it as granted.

**SO ORDERED.**

Dated: August 28, 2019
New York, New York

_____
JAMES L. COTT
United States Magistrate Judge